Cite as 2025 Ark. 167
# SUPREME COURT OF ARKANSAS
No. CR–24–821

| | | |
|---|---|---|
| MILTON BELTRAN | | **Opinion Delivered:** October 30, 2025 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-23-407] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARC R. MCCUNE, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

Milton Beltran was convicted by a Crawford County jury of six counts of rape, for which he received a sentence of life imprisonment on each count. On appeal, Beltran argues that the circuit court abused its discretion by allowing testimony from three witnesses that impermissibly bolstered the victim's credibility with the jury. This argument is not properly preserved for appeal. We affirm.

In January 2023, the minor victim (MV) disclosed to her parents that her stepfather, Milton Beltran, had been raping her for several years. Immediately after MV's disclosure, her father took her to speak to Lee Kurebayashi, an elder for the Jehovah's Witnesses community, who advised them to contact the local authorities. Following the report, Chase DeCroo of the Van Buren Police Department was assigned to investigate. The information was conveyed to both law enforcement and Hamilton House, and Alondra Lopez with the Arkansas State Police Crimes Against Children Division was charged with determining whether the allegations substantiated placement of Beltran on the Child Maltreatment

Central Registry. Eventually, formal charges were filed, and a jury trial took place in August 2024.

After a myriad of witnesses testified on behalf of both the State and Beltran—MV herself included—the jury returned a guilty verdict on all six counts. Now, on appeal, Beltran challenges the admission of testimony of the three aforementioned witnesses—Lee Kurebayashi, Chase DeCroo, and Alondra Lopez. His sole argument is that the circuit court abused its discretion by allowing the State to use these three witnesses to impermissibly "bolster" MV's credibility. However, because his argument was not raised below, it is not preserved for appeal.

While it is true that objections need not cite specific rules to be sufficient, this court has made clear that a specific evidentiary objection is necessary in order to preserve an issue for appeal. *See, e.g., Gilliand v. State*, 2010 Ark. 135, at 10, 361 S.W.3d 279, 285 (2010). To preserve an argument for appeal, there must be an objection to the circuit court that is sufficient to apprise the court of the particular evidentiary error alleged, and the appellate court will not address evidentiary arguments raised for the first time on appeal. *Id*. A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Id*.

In this case, it is apparent that Beltran did not raise a specific objection to any of the three witnesses, nor did he argue that the testimony impermissibly established or bolstered MV's credibility. During his testimony, Kurebayashi stated that, based on his training as a clergy, he has "learned how to know when somebody's telling the truth most of the time." This drew the only objection made by Beltran: "Your Honor, I'm going to object to this."

The objection was sustained, and Beltran offered no further argument as to specificity. This singular generalized objection is not enough to preserve his argument for appeal.

Regarding Lopez's testimony, Beltran objected that her finding of "true" for purposes of Beltran's placement on the registry was not relevant. This is not the same argument he now makes on appeal. Beltran is bound by the argument made below and cannot change his grounds for objection now.

Finally, his argument regarding DeCroo's testimony is that the term "corroborate" impermissibly established MV's credibility. Not only did Beltran fail to object to the use of "corroborate" during the trial, he also specifically used the same word on numerous occasions in his own cross-examination. Because Beltran made no objection whatsoever, this argument is obviously not preserved, and we decline to address it for the first time on appeal. *See, e.g., Davis v. State*, 368 Ark. 401, 409, 246 S.W.3d 862, 869 (2007) (Evidentiary issues must be presented to the circuit court in order to be preserved for appeal, and we will not address arguments that are raised for the first time on appeal.)

Because Beltran received a life sentence, the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Beltran in compliance with Arkansas Supreme Court Rule 4-3(a), and no other prejudicial error was found.

Affirmed.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.